■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS M. WILLIAMS, Appellant.—Judgment unanimously affirmed. Memorandum: Any error committed by the court in refusing to grant an adjournment of defendant's probation violation hearing was harmless. The proof against defendant was overwhelming and the record demonstrates that defendant was not prejudiced by the failure to grant an adjournment.

On December 22, 1987, an amended information was filed charging defendant with a violation of probation for having

sold cocaine to an undercover officer on October 22, 1987. A second amended information filed January 7, 1988 added the allegation that defendant sold cocaine to the same undercover officer on October 14, 1987. This second amended information was received by defense counsel on February 3, 1988. Defendant was arraigned on the first amended information on December 23, 1987, but was not arraigned on the second amended information until the date of the hearing, on July 22, 1988. Although defendant had not previously been arraigned on the charge based on the sale of cocaine on October 14, 1987, the record shows that defense counsel was fully prepared at the hearing to defend that charge. The sale of October 14, 1987 and the sale of October 22 both involved sales of cocaine to the same undercover police officer. Defense counsel had been served with the second amended information more than five months before the date of the hearing. He had been representing defendant as counsel on the criminal charges resulting from the indictments handed down by the Grand Jury relating to both sales and had conducted extensive plea negotiations concerning the indictments. He was familiar with all of the facts and at the hearing he had full discovery material concerning both of the sales. The hearing minutes show that he presented a competent defense and there is no indication he was unprepared for the hearing or that he needed additional time for preparation.

The evidence at the hearing was sufficient to support the court's determination that defendant had violated his probation by selling cocaine to an undercover officer on October 14, 1987. The testimony of the undercover officer who made an in-court identification of defendant, together with the photographs of defendant as he was leaning into the window of the unmarked police car, proved the violation of probation by a preponderance of the evidence. (Appeal from judgment of Monroe County Court, Egan, J.—violation of probation.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.